I must respectfully dissent because I am troubled by the majority's departure from the standard of review in order to reverse the trial court's determination as to the defendant's status as a sexual predator. When a party asserts that the decision of the finder of fact in a civil proceeding is against the manifest weight of the evidence, the only role of a reviewing court is to determine whether there is some, meaning any, competent credible evidence to support the conclusion. It is axiomatic that judgments supported by this degree of evidence cannot be reversed on a manifest weight argument. See C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578, 579. In applying this standard of review, this Court must exercise its "duty to diligently search the record in order to find the competent, credible evidence supporting the judgment." McDermott v. Continental Ins. Co. (1990),69 Ohio App.3d 489, 496, 591 N.E.2d 251, 255. We must not disregard the evidence if it exists in order to substitute our judgment for that of the trial court. Unfortunately, it appears to me that this is exactly what the majority opinion has accomplished.
Pursuant to R.C. 2950.09(B)(3), a sexual predator determination must be supported by clear and convincing evidence. Clear and convincing evidence is more than a mere preponderance. Rather, the State must present evidence to produce "in the mind of the trier of facts a firm belief of conviction as to the facts sought to be established." Cross v.Ledford, supra.
Dr. Stookey's testimony and report indicates that the defendant's risk for recidivism at this time is approximately twenty percent. Conversely, this means that there is an eighty percent chance that he will not commit future sexually oriented offenses. Based upon this evidence, the trial court concluded that a twenty percent risk did not meet the clear and convincing standard in that the State failed to establish the defendant's likelihood of committing similar crimes in the future. This finding is obviously supported by the competent, credible evidence provided by the doctor. However, the majority has essentially chosen to raise this relatively low recidivism rate by considering and weighing such other evidence as Appellant's personality disorder and continued denial of offending in a sexual manner even though these factors were apparently already considered by the doctor when she rendered her conclusion. This, to me, goes beyond the strict standard of review to which this Court is obliged to adhere.
While the defendant's conduct resulting in his conviction shows that his actions were most offensive and deserving of the criminal penalty that was imposed, the trial court's failure to determine that he is not a sexual predator is nonetheless supported by the evidence. Thus, I refuse to join in the majority's conclusion that the judgment is against the manifest weight of the evidence simply because I abhor these types of crimes.
Accordingly, I would overrule Appellant's assignment of error, and affirm the judgment of the trial court.